UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RANDY COWHERD,<br><br>                    Plaintiff,<br><br><br>          vs.<br><br>MIKE LEIDHOLT, Secretary of Corrections, Administrator of the South Dakota Department of Corrections, in his individual and official capacity, STAFF OF RAPID CITY COMMUNITY WORK CENTER, UNIT MANAGER TROMBERG, in his/her individual and official capacity, CASE MANAGER SCHAUER, in his/her individual and official capacity, CO OCHSENDORF, in his/her official and individual capacity, CO WAINRIGHT, in his/her individual and official capacity, CO GARNER, in his/her individual and official capacity, CO GEPPERT, in his/her individual and official capacity, CO DUTTON, in his/her individual and official capacity, JERAMME LARSON, employee of the Department of Corrections and Disciplinary Hearing Officer, in his individual and official capacity, and STAFF OF SD BOARD OF PARDONS AND PAROLE, in their individual and official capacities,<br><br>                    Defendants. | 5:19-CV-05074-KES<br><br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER STAYING CASE |

Plaintiff, Randy Cowherd, an inmate at the Rapid City Community Work Center (RCCWC), filed a "hybrid habeas and civil rights" pro se lawsuit under 42 U.S.C. § 1983 and 28 U.S.C. § 2254. Docket 1. Cowherd moves to proceed

in forma pauperis and this court ordered him to file his prisoner trust account report by May 25, 2020, or pay the entire filing fee. Dockets 2, 4. On June 1, 2020, Cowherd filed his prisoner trust account report. Docket 5.

## I.      Motion to Proceed Without Prepayment of Fees

Cowherd reports average monthly deposits of $0.00 and an average monthly balance of *negative* $32.85. *Id.* at 1. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Cowherd's prisoner trust account, the court grants Cowherd leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the

prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Cowherd must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Cowherd's institution. Cowherd remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background

The facts alleged in Cowherd's complaint (Docket 1) are: that his complaint is a hybrid petition for writ of habeas corpus under 28 U.S.C. § 2254 and a civil rights lawsuit under 42 U.S.C. § 1983. Docket 1 ¶ 3. Cowherd alleges that Mike Leidholt, Secretary of Corrections, "creates and enforces unconstitutional and unlawful policies and practices in which employees of the DOC use in performance of their regular duties." *Id.* ¶ 2. Cowherd alleges that

multiple DOC policies and the way these policies are carried out by employees violate his constitutional rights under the First, Eighth, and Fourteenth Amendments. *See id.* ¶¶ 10-11.

He claims he was placed in the Segregated Housing Unit (SHU) and "was forced to remain on the cold cement cell naked under a waist-high, tarp-like " 'suicide-suit.' " *Id.* ¶ 12. Cowherd alleges that during this time, he was "not admitted for unstable mental health or violent observation, and no mental professional evaluated him within sixty hours. This policy causes an atypical and significant hardship and is inconsistent with the current standards of respect for human dignity and is a violation of the Eighth and Fourteenth Amendments." *Id.* Cowherd claims that Correctional Officers Ochsendorf, Wainright, and Garner made fun of him while he was in the SHU and refused his requests for an emergency grievance that is allegedly "provided for by policy." *Id.* ¶ 19.

Cowherd challenges the policy surrounding disciplinary hearings because he claims he was not allowed to call witnesses or present evidence. *Id.* ¶¶ 16, 17. Cowherd alleges that Disciplinary Hearing Officer Larson should have recused himself from performing the hearing because of a conflict of interest. *Id.* ¶ 17. He claims the entire hearing was in violation of the due process clause under the Fourteenth Amendment. *Id.*

Cowherd alleges that the altered property policy is unconstitutionally vague and violates the First, Eighth, and Fourteenth Amendments. *Id.* ¶ 20. Cowherd has lost "photos, legal documents, religious materials, commissary[.]"

*Id.* He claims that Correctional Officers Geppert and Dutton have taken his property by using the altered property policy and the confiscation policy. *Id.* Cowherd claims that Geppert and Dutton use the confiscation policy to harass inmates; Cowherd insinuates that the correctional officers are allowed wide discretion under the policy to call things contraband. *Id.*

Cowherd claims that his incarceration is unlawful and has been prolonged because of the staff of the South Dakota Parole Board. *Id.* ¶ 22. He alleges that he made a deal with the Board and that the Board went back on the deal. *Id.* Cowherd alleges that defendants have violated his right to equal protection because he has not been paid or given credit for his two job assignments at RCCWC. *Id.* ¶ 23. Cowherd claims that "[a]ll other inmates receive these benefits. Unit Manager Tromberg decided not to remedy the situation with no reason and the grievance 'disappeared.' " *Id.*

Lastly, Cowherd claims that the administrative remedies process is a "sham" and the procedure "deprive[s] inmates of their due process" because even when an inmate follows each step a flaw is always found and the denial is never fully explained. *Id.* ¶ 24. Cowherd sues each defendant in his/her individual and official capacities. *Id.* ¶ 4. He requests both injunctive and monetary relief. *Id.* ¶¶ 4, 26-37. Cowherd seeks "[r]eimbursement for each day of [his] prolonged incarceration" and "[e]qual month to month discharge credit [he] would receive on parole[.]" *Id.* ¶¶ 31,32.

**B.     Legal Standard**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

### C.    Legal Analysis

Cowherd calls his complaint a petition for writ of habeas corpus and a civil rights lawsuit under § 1983. Docket 1 ¶ 3. In *Offet v. Solem*, the plaintiff brought a § 1983 action that challenged the policies behind "which his good time credits were deprived[.]" 823 F.2d 1256, 1259 (8th Cir. 1987). The Eighth Circuit held that finding in Offet's favor for his underlying constitutional issues would "lead to the restoration of those [good time] credits in a subsequent habeas proceeding against the state" and would shorten his sentence length. *Id.* "From the standpoint of federal-state comity, we see no difference between the effect of a federal judgment directing release of a prisoner and one which leaves the state court no choice but to order the same." *Id.* The court held that the § 1983 action should have been stayed until Offet exhausted his state court remedies in his 28 U.S.C. § 2254 with "respect to his claim for restoration of his good time credits." *Id.* at 1261.

Here, Cowherd challenges a number of policies and alleged actions by defendants as unconstitutional. *See* Docket 1. Cowherd seeks "[r]eimbursement for each day of [his] prolonged incarceration" and "[e]qual month to month discharge credit [he] would receive on parole[.]" *Id.* ¶¶ 31,32. A finding in Cowherd's favor for his § 1983 claims would essentially shorten the length of his sentence. Thus, like in *Offet*, this court stays Cowherd's § 1983 complaint until he has exhausted his state court remedies in his habeas petition with respect to his claims of unlawful custody and reimbursement for equal month to month discharge credit. Once Cowherd exhausts his state court

remedies, this court will conduct a screening of Cowherd's complaint under 28 U.S.C. § 1915A.

## CONCLUSION

Thus, it is ORDERED:

1. That Cowherd's motion to proceed in forma pauperis (Docket 2) is granted.

2. That Cowherd's 42 U.S.C. § 1983 complaint is stayed until he has exhausted his state court remedies in his habeas petition.

3. That Cowherd must notify the court when his state court remedies have been exhausted and the court will conduct a screening of Cowherd's complaint (Docket 1) under 28 U.S.C. § 1915A.

Dated July 15, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE